OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, a longshoreman, brought this action against a ship owner to recover for injuries sustained when he fell into a gap left by a wooden platform constructed in the ship’s hold. The vessél’s owner impleaded Frank H. Holleran, Inc., the marine carpentry firm which had built the platform. Holleran in turn brought a fourth-party action against Universal Maritime Services Corp., a stevedoring company, which, as plaintiff’s employer, had paid plaintiff benefits due under the Longshoremen’s and Harbor Workers’ Compensation Act (33 USC § 901 et seq.) (LHWCA). Universal’s motion for summary judgment dismissing the fourth-party complaint was granted, and the Appellate Division affirmed without opinion.
The LHWCA prohibits a party found liable in negligence to a longshoreman from seeking contribution from a compensation-paying stevedore (33 USC § 905 [a]). It also prohibits a negligent vessel from obtaining indemnity from such stevedore (33 USC § 905 [b]). Though the LHWCA does not necessarily preclude a nonvessel from bringing an action for indemnity- against a stevedore (see, Zapico v Bucyrus-Erie Co., 579 F2d 714), here Holleran has failed to meet its heavy burden of demonstrating any basis for an implied agreement of indemnification by the stevedore. There was no basis for an indemnification action either in the agreement between Universal and the vessel or in the relationship between Universal and Holleran (see, Mango v Waterman S. S. Lines, 89 AD2d 958), and therefore summary judgment was properly granted dismissing the fourth-party complaint.
Chief Judge Wachteer and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.