■ Michael Gallagher, Plaintiff, v Rouse Co. et al., Defendants and Skil Corp., Defendant and Third-Party Plaintiff-Respondent. J. Rich Steers, Inc., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered August 25, 1988, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

On September 6, 1984, the plaintiff was injured by an electric radial saw while engaged in the construction of the pier at the South Street Seaport in Manhattan. The pier was being developed as a tourist attraction consisting of shops and restaurants.

After receiving compensation payments under the Longshoremen's and Harbor Workers' Compensation Act (hereinafter the Act) (33 USC § 901 *et seq.),* the plaintiff commenced this action against the lessor of the pier, the Rouse Co., and the manufacturer of the saw, Skil Corp. Thereafter Skil Corp. impleaded the plaintiff's employer, J. Rich Steers, Inc., seeking indemnity and contribution. J. Rich Steers, Inc., moved for

summary judgment dismissing the third-party complaint upon the ground that the Act bars such claims against employers of maritime employees.

We agree that the Act specifically bars third-party causes of action for indemnity and contribution against employers of maritime employees (see, 33 USC § 905 [a]; Zapico v Bucyrus-Erie Co., 579 F2d 714; Fragedis v Farrell Lines, 64 NY2d 987; Magno v Waterman S. S. Lines, 89 AD2d 958). However, in order to support the conclusion that the Act applies to the plaintiff and, therefore, bars the third-party action of Skil Corp. against it, J. Rich Steers, Inc., must establish both that the plaintiff was engaged in maritime employment at the time of his injury and that he was doing so on navigable waters.

With respect to the latter requirement, we find that there is no question of fact as to whether the plaintiff's injuries occurred upon the "navigable waters of the United States". A review of the record clearly shows that he was working on a pier at the time of the incident and, as such, was working upon navigable waters (see, 33 USC § 903 [a]; Northeast Mar. Term. Co. v Caputo, 432 US 249; Trotti & Thompson v Crawford, 631 F2d 1214).

However, we find that a question of fact exists as to whether the plaintiff was a covered employee under the Act, that is, whether he was engaged in "maritime employment" at the time of his injury (see, 33 USC § 902 [3]; Herb's Welding v Gray, 470 US 414, 423-424; Pfeiffer Co. v Ford, 444 US 69; Northeast Mar. Term. Co. v Caputo, supra, at 266-267). Thus, the motion of J. Rich Steers, Inc., for summary judgment dismissing the third-party complaint was properly denied. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.