■ JOSEPH COLAMARINO et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and CLARK EQUIPMENT COMPANY, Defendant and Third-Party Plaintiff-Appellant. INTERNA-

TIONAL TERMINAL OPERATORS CO., INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the third-party plaintiff appeals (1) from an order of the Supreme Court, Kings County (Duberstein, J.), dated March 18, 1988, which, *inter alia,* granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) as limited by its brief, from so much of an order of the same court, dated October 6, 1988, as denied that branch of its motion which was for renewal.

Ordered that the order dated March 18, 1988, is affirmed; and it is further,

Ordered that the order dated October 6, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

On January 20, 1983, the plaintiff Joseph Colamarino, a longshoreman, was injured on Pier 39 in Brooklyn when the forklift he was operating collided with a straddler carrier machine which was being used to transport 40-foot containers along the dock. At the time of the incident, the plaintiff was employed by the third-party defendant International Terminal Operators Co., Inc. (hereinafter the employer). After receiving compensation payments under the Longshoremen's and Harbor Workers' Compensation Act (33 USC § 901 *et seq.)* (hereinafter the LHWCA), the plaintiff commenced an action, *inter alia,* against Clark Equipment Company, the manufacturer of the forklift and straddler machine involved in this incident. In October 1985, Clark Equipment Company (hereinafter the manufacturer) commenced a third-party action against the plaintiff's employer seeking contribution and/or indemnification in the event the plaintiff was successful in the main action. The plaintiff's employer thereafter moved for summary judgment dismissing the third-party action on the ground that LHWCA § 905 (a) barred such a claim. The manufacturer appeals from an order granting the employer's summary judgment motion and a subsequent order denying its motion for renewal.

Section 905 (a) of the LHWCA provides, in pertinent part, that the liability of an employer to pay LHWCA benefits to an injured party is exclusive and "in place of all other liability of such employer to the employee * * * *and anyone otherwise entitled to recover damages from such employer* at law or in admiralty" (33 USC § 905 [a] [emphasis supplied]). Thus, the Federal statute prohibits a party found liable in negligence to a longshoreman from seeking contribution from a compensa-

tion-paying employer *(see, Fragedis v Farrell Lines,* 64 NY2d 987). Despite the foregoing, the manufacturer alleges that the Supreme Court erred in dismissing its third-party claim because the Federal maritime statute does not apply to "land-based" accidents.

In determining whether the provisions of the LHWCA may be invoked, an employer must establish that the injured party was engaged in maritime employment at the time of the injury and that he was performing these duties on navigable waters *(see, Gallagher v Rouse Co.,* 161 AD2d 684). Section 903 (a) of the LHWCA includes, within the definition of "navigable waters", "any adjoining pier, wharf, dry dock * * * or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel" (33 USC § 903 [a]).

The record conclusively establishes that the plaintiff was working on a pier at the time of the incident and, as such, was working upon navigable waters when he sustained his injuries *(see,* 33 USC § 903 [a]; *Northeast Mar. Term. Co. v Caputo,* 432 US 249; *Trotti & Thompson v Crawford,* 631 F2d 1214; *Gallagher v Rouse Co., supra).* It is also clear that the plaintiff was engaged in maritime employment at the time of the collision since he was operating a forklift, on the dock, as part of his longshoreman's duties. Accordingly, we conclude that Clark Equipment Company's claim for contribution is barred by the exclusive remedy provision of the LHWCA (33 USC § 905 [a]; *see, Drake v Raymark Indus.,* 772 F2d 1007, *cert denied sub nom. Raymark Indus. v Bath Iron Works,* 476 US 1126).

Additionally, we find that Clark Equipment Company failed to allege sufficient facts to support its claim for contractual indemnification.

Accordingly, the third-party action was properly dismissed. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.