■ In the Matter of DOROTHY C. PINSLEY, Appellant, v HOWARD PINSLEY, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered January 25, 1990 in Saratoga County, which denied petitioner's motion for, *inter alia,* temporary alimony.

Petitioner and respondent were married on June 25, 1961. In 1974 petitioner filed a petition in Family Court seeking support and alimony, together with a complaint of harassment. The matter was ultimately resolved and the parties entered into a stipulation which was incorporated in a Family

Court order. The stipulation provided that respondent pay petitioner $75 per week alimony, $40 per week child support and $13,000 cash for petitioner's one-half equity interest in the marital residence. Petitioner was to vacate the residence and the harassment charge was withdrawn with prejudice. The stipulation provided for a hearing in six months if the parties were still married, it being respondent's intention to seek a divorce in the Dominican Republic. A foreign divorce was secured for which purpose petitioner had executed a power of attorney to respondent. The stipulation was incorporated, but not merged, into the divorce judgment.

Thereafter, in 1976 petitioner moved back to the marital residence and resumed living with respondent. In August 1989, petitioner left the residence and, by order to show cause, initiated this proceeding in Supreme Court seeking to restrain respondent from harassing her, temporary alimony, moving costs, counsel fees and an order directing respondent to maintain health, medical, dental and eyeglass insurance for her.

Supreme Court held that petitioner's property interests were decided by the stipulation of separation entered into by the parties, the Family Court order implementing it and the foreign divorce judgment, and the divorce rendered the parties with "very limited rights to the property of each other". The court further found that living together per se did not create any additional rights and that the stipulation was not modified. Finally, Supreme Court found that the record did not support an increase in the stipulated alimony amount.

Since the stipulation at issue here was executed prior to July 19, 1980, it is governed by Domestic Relations Law § 236 (A). Where the stipulation has been incorporated but has not merged in a judgment of divorce, a court is precluded from subsequently modifying its terms, unless the support is inadequate and the recipient is in danger of becoming a public charge (*McMains v McMains*, 15 NY2d 283, 285). Here, the undisputed facts reveal that petitioner has substantial assets, she is being paid $115 per week alimony by respondent and she has employable skills, all of which indicate that she is not in danger of becoming a public charge. Petitioner has failed to meet the strict standard required for a court to modify the terms of the separation agreement.

Petitioner contends that the parties modified the stipulation by "mutual consent". We note that petitioner's affidavits fail to allege any modification of the stipulation. It is only petitioner's counsel's arguments which urge that the parties

assented to a modification of the stipulation through their conduct and he requests that the stipulation, as modified, be enforced. The stipulation is an enforceable contract *(see, Goldring v Goldring,* 73 AD2d 955, 956). To establish a contract modification, it is necessary to prove each element of the modification and assent to its terms *(Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350, 354, *lv denied* 51 NY2d 706). Although modification may be proven circumstantially by conduct, the facts in this case do not support a finding of mutual assent to petitioner's requested increase in alimony, relocation expenses and health, medical, dental and eyeglass insurance. At best, the conduct herein indicates an intention to live together which modified the stipulation that petitioner was to vacate the premises. Petitioner has failed to allege and support by a factual affidavit a modification of the agreement.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.