(March 25, 1991)

■ ASSUNTA AGNESE, Individually and as Administratrix of the Estate of EDIGIO AGNESE, Deceased, Plaintiff, v TAYLOR MACHINE WORKS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. INTERNATIONAL TERMINAL OPERATIONS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages, inter alia, for wrongful death, the third-party defendant International Terminal Operations, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated October 6, 1989, as, upon reargument, adhered to a prior determination denying its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the third-party complaint is dismissed insofar as it is asserted against the third-party defendant International Terminal Operations, Inc.

On September 19, 1984, the plaintiff's decedent was killed when he was struck and crushed under a hi-lo toploader used to remove and replace shipping containers onto the chassis of trucks and transport the containers to and from shipside where they were loaded by a crane. At that time the plaintiff's decedent was employed by third-party defendant International Terminal Operations, Inc. (hereinafter ITO), which subsequently compensated the plaintiff pursuant to the Longshoremen's and Harbor Workers' Compensation Act (hereinafter the Act) (33 USC § 901 et seq.). The plaintiff then brought an action against Taylor Machine Works, Inc. (hereinafter Taylor), the manufacturer of the toploader, who in turn joined ITO, and the toploader operator, Willie Payton, seeking contribution and indemnification.

ITO unsuccessfully moved for summary judgment and, upon reargument, the court adhered to its initial determination.

Since there exist no questions of fact regarding whether the

plaintiff's decedent was engaged in maritime employment on navigable waters at the time of the accident *(see, Herb's Welding v Gray,* 470 US 414, 423-424; *Pfeiffer Co. v Ford,* 444 US 69; *Northeast Mar. Term. v Caputo,* 432 US 249, 266-267), Taylor may not maintain an action for contribution against ITO, as ITO is shielded by the Act's provision excluding a longshoreman's compensation-paying employer from liability other than under the Act *(see,* 33 USC § 905 [a]; *Fragedis v Farrell Lines,* 64 NY2d 987; *Kenny v Bacolo,* 61 NY2d 642; *Colamarino v City of New York,* 166 AD2d 404).

Additionally, since there is no evidence of any express or implied contract of indemnity between ITO and Taylor, an action for indemnification will not lie *(see, Magno v Waterman S. S. Lines,* 89 AD2d 958, 958-959; *see also, Stuto v Coastal Dry Dock & Repair Corp.,* 153 AD2d 937). Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.