■ Joseph Pittinger et al., Respondents, v Long Island Rail Road, Defendant, and Atlantic Sea-Con, Ltd., Appellant. [650 NYS2d 253] —In an action to recover damages for personal injuries, etc., pursuant to, inter alia, the Jones Act (46 USC App § 688), the defendant Atlantic Sea-Con, Ltd. appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated June 21, 1995, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from an order of the same court (Dunne, J.), dated December 11, 1995, which denied its motion, in effect, for reargument.

Ordered that the appeal from the order dated December 11, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 21, 1995, is reversed

insofar as appealed from, on the law, that branch of the motion of the defendant Atlantic Sea-Con, Ltd. which was for summary judgment dismissing the complaint insofar as asserted against it is granted, the complaint is dismissed insofar as asserted against the defendant Atlantic Sea-Con, Ltd., and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The record clearly demonstrates that the plaintiff Joseph Pittinger was an "employee" within the meaning of the Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA) *(see,* 33 USC § 902 [3]; *Director, OWCP v Perini N. Riv. Assocs.,* 459 US 297; *Parker v Motor Boat Sales,* 314 US 244). The LHWCA provides that the liability of an employer under that Act "shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of * * * injury or death" (33 USC § 905 [a]; *see also,* 33 USC § 904). Contrary to his present contention that he was not an "employee" but a "seaman", the plaintiff Joseph Pittinger was not a "seaman" within the meaning of the Jones Act (46 USC App § 688), which provides in part that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury". To be a seaman within the meaning of the Jones Act, " 'an employee's duties must "contribut[e] to the function of the vessel or to the accomplishment of its mission" ' ", and the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature" *(Chandris, Inc. v Latsis,* 515 US 347, 368, quoting *McDermott Intl. v Wilander,* 498 US 337, 355).

Joseph Pittinger testified at his deposition that on this particular job he worked as a dock builder, and that the primary objective of the job was to drive piles in the sea bed of Reynolds Channel. He further testified that the cargo barge on which he was injured had arrived from Norfolk, Virginia, with the concrete piles approximately one week prior to his accident. He was not based on the barge or the tow boat that had towed the barge from Virginia. When he worked on the barge, he was taken there by boat. Thus, he did not have a connection to a vessel in navigation that was substantial in terms of both its duration and its nature. Rather, he was a "land-based worke[r] who [had] only a transitory or sporadic connection to a vessel

in navigation, and therefore whose employment [did] not regularly expose [him] to the perils of the sea" *(Chandris, Inc. v Latsis,* 515 US, at 368, *supra; see also, Hatch v Durocher Dock & Dredge,* 33 F3d 545; *Ellender v Kiva Constr. & Eng'g,* 909 F2d 803; *Watkins v Pentzien, Inc.,* 660 F2d 604, *cert denied* 456 US 944). In short, the injured plaintiff does not meet the case-based definition of "seaman" within the meaning of the Jones Act, and he is therefore limited to the benefits recoverable pursuant to the LHWCA.

In view of the foregoing, and given our determination in the related matter of *Pittinger v Long Is. R. R.* (233 AD2d 430 [decided herewith]), we note that the cross claims asserted against the appellant cannot be pursued. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.