■ JOSEPH PITTINGER et al., Plaintiffs, v LONG ISLAND RAIL ROAD, Appellant, and ATLANTIC SEA-CON, LTD., Respondent. [650 NYS2d 602] —In an action to recover damages for personal injuries, etc., pursuant to, inter alia, the Jones Act (46 USC App § 688), the defendant Long Island Rail Road appeals from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated December 7, 1995, as denied that branch of its motion which was for summary judgment dismissing the cross claim of the defendant Atlantic Sea-Con, Ltd. for contribution.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of the defendant Long Island Rail Road which was for summary judgment dismissing the cross claim of the defendant Atlantic Sea-Con, Ltd. for contribution is granted, and the cross claim of the defendant Atlantic Sea-Con, Ltd. for contribution is dismissed.

In this action governed by Federal maritime law, the defendant Long Island Rail Road (hereinafter the LIRR) moved for summary judgment dismissing the plaintiffs' complaint insofar as asserted against it as well as all cross claims asserted against it by the defendant Atlantic Sea-Con, Ltd. (hereinafter Atlantic). The Supreme Court granted that branch of the motion which was to dismiss the complaint insofar as asserted against the LIRR, but denied that branch of the motion which was to dismiss Atlantic's cross claim for contribution, and the LIRR appealed.

Since the Supreme Court dismissed the complaint insofar as asserted against the LIRR, it cannot be found at fault in this case and therefore no basis for contribution against it exists

*(see generally, Cooper Stevedoring Co. v Fritz Kopke, Inc.,* 417 US 106; *Pennisi v Standard Fruit & S. S. Co.,* 206 AD2d 290). Moreover, in a separate appeal by Atlantic from another order in the same case, we determined as a matter of law that this action could not be maintained against Atlantic *(see, Pittinger v Long Is. R. R.* (233 AD2d 428 [decided herewith]). Accordingly, since Atlantic cannot be held answerable to the plaintiffs for damages, it cannot seek contribution from the LIRR. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.