■ JOSEPH E. WOODS et al., Plaintiffs, v CONSOLIDATED RAIL CORPORATION, Defendant and Third-Party Plaintiff, and ALBANY PORT RAILROAD CORPORATION, Defendant and Third-

Party Plaintiff-Appellant. MEEHAN OVERSEAS TERMINAL OF ALBANY, LTD., Third-Party Defendant-Respondent. [651 NYS2d 218] —Casey, J. Appeal from an amended order of the Supreme Court (Ceresia, Jr., J.), entered November 1, 1995 in Albany County, which, *inter alia*, granted a motion by third-party defendant for summary judgment dismissing the third-party complaint of third-party plaintiff Albany Port Railroad Corporation.

Plaintiffs commenced this action to recover damages arising out of injuries allegedly sustained by plaintiff Joseph E. Woods (hereinafter plaintiff) while he was working as a longshoreman at the Port of Albany in the City of Albany. The complaint alleges that plaintiff was climbing the ladder of an empty railroad car when a handhold/step broke, causing him to fall. The railroad car was owned by defendant Consolidated Rail Corporation (hereinafter Conrail). Defendant Albany Port Railroad Corporation (hereinafter APRC) owns and operates tracks within the Port of Albany. Conrail and APRC commenced third-party actions against plaintiff's employer, Meehan Overseas Terminal of Albany, Ltd., which provides stevedore services in the loading and unloading of vessels at the Port of Albany. It is undisputed that the injured plaintiff is a covered employee under the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.* [hereinafter LHWCA]). As relevant to this appeal, Meehan moved for summary judgment dismissing APRC's third-party complaint upon the ground that pursuant to LHWCA all tort-based theories of contribution and/or indemnity are barred as a result of Meehan's payment of workers' compensation benefits to plaintiff. Supreme Court granted the motion, resulting in this appeal by APRC.

Although the LHWCA prohibits APRC from pursuing a tort-based third-party claim against Meehan, it does not preclude APRC, which is not a vessel, from pursuing a contract-based indemnity action against Meehan (*see, Triguero v Consolidated Rail Corp.*, 932 F2d 95, 98; *see also, Fragedis v Farrell Lines*, 64 NY2d 987). APRC concedes that there is no express agreement by Meehan to indemnify APRC, but claims that an agreement to indemnify should be implied. In these circumstances, the nature of the relationship between APRC and Meehan is "crucial because it determines whether the nexus is sufficient to imply an agreement for indemnity" (*Triguero v Consolidated Rail Corp., supra*, at 101-102; *see, Fragedis v Farrell Lines, supra*).

APRC contends that summary judgment should not have

been granted before discovery was complete because the necessary evidence is within the exclusive knowledge of Meehan, the moving party. The argument is patently meritless, for APRC was clearly in a position to have at least as much knowledge as Meehan regarding the nature of their relationship (*see, People v United Funding*, 106 AD2d 846, 847-848, *lv denied* 64 NY2d 609). APRC also contends that a factual issue exists because an agreement to indemnify could be implied from the parties' track usage agreement. According to APRC, it had granted Meehan the exclusive right to use a portion of its tracks, and APRC refers to the affidavit of its former manager who stated that it was his understanding that any such trackage arrangement included an agreement for indemnity. The letter which APRC relies on to establish the trackage agreement reveals that while Meehan was granted the right to use specific tracks, that right was not, as APRC claims, exclusive. The letter specifically reserved APRC's right to let others use the tracks. We are also of the view that the subjective belief and understanding of APRC's manager is patently insufficient to demonstrate even the possibility that Meehan had implicitly agreed to indemnify APRC. APRC failed to meet its burden in opposition to Meehan's motion and, therefore, summary judgment was properly granted dismissing APRC's third-party complaint (*see, Fragedis v Farrell Lines, supra*).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the amended order is affirmed, with costs.