■ JOHN OLSEN, Respondent, v JAMES MILLER MARINE SERVICE, INC., et al., Defendants, REICON GROUP, L.L.C., et al., Respondents, and D'ONOFRIO GENERAL CONTRACTING CORP. et al., Appellants. [791 NYS2d 92]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 4, 2004, which, to the extent appealed from, denied appellants' cross motion insofar as it sought summary judgment dismissing plaintiff's claims against them and summary judgment upon their cross claims for indemnification and contribution, granted plaintiff's cross motion seeking summary judgment as to liability as against appellants on his Labor Law § 240 (1) claim, and granted the motion of defendants-respondents Reinauer and Reicon for summary judgment insofar as to dismiss appellants' cross claims against them for contribution, unanimously modified, on the law, to deny defendants-respondents' motion insofar as it sought dismissal of appellants' contribution cross claims, and those claims reinstated, and otherwise affirmed, without costs.

Plaintiff, an employee of Reicon/Reinauer, was injured while aboard a barge, leased by his employer, performing work in furtherance of the excavation, rehabilitation and repair of the Con Edison-leased East 14th Street Pier. While assisting a coworker open a sliding door, plaintiff stepped onto plywood covering a hole in the center of the barge, the plywood slid from under him and he fell into the hole. Plaintiff received federal workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act ([LHWCA] 33 USC § 901 *et seq.*).

In this action, plaintiff alleges both state Labor Law and federal LHWCA violations. It is plain, since the accident occurred in navigable waters and plaintiff, an LHWCA-covered

employee, was in fact awarded benefits under that act, that this case is governed by federal maritime law (*see Jerome B. Grubart, Inc. v Great Lakes Dredge & Dock Co.*, 513 US 527, 540 [1995]; *Tompkins v Port of N.Y. Auth.*, 217 AD2d 269, 270 [1996]). However, "[t]he fact that Federal maritime law is involved does not necessarily mean that State law is superseded" (*Cammon v City of New York*, 95 NY2d 583, 587 [2000]); the "exercise of federal admiralty jurisdiction does not result in automatic displacement of state law" (*Jerome B. Grubart, Inc.*, 513 US at 545; *accord Yamaha Motor Corp., U.S.A. v Calhoun*, 516 US 199, 206 [1996]). Here, the LHWCA should not preempt plaintiff's Labor Law claims (*see Cammon v City of New York*, 260 AD2d 70 [1999], *affd* 95 NY2d 583 [2000]). The claims against Con Edison, the lessee of the pier, and D'Onofrio, its general contractor, do not involve a maritime commercial transaction, and permitting their assertion would pose no "threat to the uniformity of Federal maritime law sufficient to displace application of an important State health and safety measure" (*Cammon*, 95 NY2d 583, 590 [2000]; *cf. Emanuel v Sheridan Transp. Corp.*, 10 AD3d 46 [2004]).

Partial summary judgment as to liability in favor of plaintiff on his Labor Law § 240 (1) claim was appropriate. Plaintiff, while engaged in work necessary and incidental to the excavation and repair of the East 14th Street Pier, was exposed to a gravity-related risk without being provided proper safety devices (*see Campisi v Epos Contr. Corp.*, 299 AD2d 4 [2002]).

Also correct was the motion court's denial of summary judgment dismissing plaintiff's Labor Law § 241 (6) claim. Contrary to appellants' contention, Industrial Code (12 NYCRR) § 23-1.7 (b) (1), requiring that every hazardous opening into which a person may step or fall be guarded by a substantial cover fastened in place or by a safety railing, is sufficiently concrete in its specification to support the claim (*see Messina v City of New York*, 300 AD2d 121, 122 [2002]; *O'Connor v Lincoln Metrocenter Partners, L.P.*, 266 AD2d 60, 61-62 [1999]; *Boss v Integral Constr. Corp.*, 249 AD2d 214, 215 [1998]).

As to plaintiff's Labor Law § 200 and common-law negligence claims, material issues of fact exist as to whether Con Edison was, in consequence of its construction manager's inspection of the barge prior to the accident, on notice of the alleged hazard, and thus as to whether it is answerable for failing to remedy the hazard and maintain a safe workplace (*see Dilena v Irving Reisman Irrevocable Trust*, 263 AD2d 375, 376 [1999]; *Higgins v 1790 Broadway Assoc.*, 261 AD2d 223 [1999]).

The LHWCA, which works as a strict liability statute, is the

maritime worker's exclusive remedy against his employer (33 USC § 905 [a]). Once an employer fulfills its obligations by paying benefits to the injured LHWCA employee, further contribution from the employer solely in its capacity as employer, in distinction to its capacity as vessel owner, is foreclosed (*Lopez v Oldendorf,* 545 F2d 836, 839-840 [1976], *cert denied* 431 US 938 [1977]; *see also Triguero v Consolidated Rail Corp.,* 932 F2d 95, 98 [1991]; *Pennisi v Standard Fruit & S.S. Co.,* 206 AD2d 290, 291 [1994]). This, however, does not foreclose a third-party claim for contribution from an employer/vessel owner for negligence in the latter capacity (*Tran v Manitowoc Eng'g Co.,* 767 F2d 223 [1985]). Accordingly, inasmuch as there is a triable issue as to whether plaintiff's harm was attributable to negligence by defendants Reicon and Reinauer in the discharge of vessel-owner duties, the contribution cross claims against them should be reinstated.

With respect to the indemnity cross claims, the LHWCA does not foreclose actions for indemnity so long as the claim is based on contract or an implied right to indemnification (*Pennisi,* 206 AD2d 290, 293 [1994]). However, an explicit indemnification clause entitling appellants to the indemnification they seek does not exist, and appellants' right to indemnification by implication has not been established at this juncture.

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Ellerin, Nardelli and Sweeny, JJ.