Rose, J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered August 11, 2014 in Tompkins County, which partially denied defendant’s motion for summary judgment dismissing the complaint.
Defendant appointed plaintiff to an associate professorship in 1998 for an initial term of five years. The 1998 offer letter described the position as being “with tenure,” but it stated that, although no problems were anticipated, the offer of tenure would have to be confirmed by defendant’s review process shortly after plaintiff’s arrival on campus. For a variety of reasons, plaintiff delayed her tenure submission for five years and, when she finally submitted it, she was not awarded tenure. In 2003, defendant gave plaintiff a two-year extension of her appointment, this time as an “associate professor without tenure,” to allow her an opportunity to improve and resubmit her tenure package. Plaintiff resubmitted her request for tenure in 2005, but it was again denied, resulting in her eventual termination. Plaintiff then commenced this action seeking, as relevant here, to recover for breach of contract. Defendant moved to dismiss the entire complaint and Supreme Court (Mulvey, J.) partially granted the motion by dismissing that cause of action. On appeal, we modified by reinstating the breach of contract claim (56 AD3d 1074 [2008]). Following the completion of discovery, defendant moved for summary judgment dismissing the complaint and, after a second appeal and remittal (116 AD3d 1128 [2014]), Supreme Court (Rumsey, J.) denied that portion of the motion seeking dismissal of the breach of contract claim. Defendant now appeals.
*1095 Contrary to defendant’s argument, Supreme Court properly found that issues of fact exist as to whether defendant’s 1998 offer letter reflects an intent to assure plaintiff that she would be granted tenure. As we held in our prior decision (56 AD3d at 1075-1076), the terms of the letter are ambiguous. Accordingly, Supreme Court properly relied upon extrinsic evidence to determine the parties’ intent (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]; Monticello Raceway Mgt., Inc. v Concord Assoc., L.P., 129 AD3d 1183, 1184 [2015], lv denied 26 NY3d 913 [2015]). Based upon the affidavit of the then-chair of defendant’s department who hired plaintiff and wrote the 1998 offer letter, as well as correspondence from the dean and associate dean of the college in which plaintiff’s department was located, Supreme Court appropriately declined to award summary judgment to defendant with respect to the 1998 offer of tenure (see Kolbe v Tibbetts, 22 NY3d 344, 355-356 [2013]).
However, we must agree with defendant’s alternative argument that the terms of its original offer were materially modified by plaintiff’s acceptance of its 2003 offer to extend her appointment (see Gizara v New York Times Co., 80 AD3d 1026, 1028 [2011]; see also Benipal v Herath, 251 AD2d 933, 934 [1998]; Matter of Pinsley v Pinsley, 168 AD2d 863, 865 [1990]). Defendant’s 2003 letter offering to extend her appointment unambiguously replaced the “with tenure” language contained in the 1998 offer letter by restating her job title as “associate professor without tenure.” Defendant also points to plaintiff’s deposition testimony, in which she explicitly acknowledged that she understood the 2003 letter to be a modification of the original terms of her employment agreement and agreed— albeit reluctantly — to the new terms. Significantly, plaintiff further admitted that defendant was “not guaranteeing [her] tenure in any case after this letter.”
In response to this prima facie showing by defendant, plaintiff contends that, regardless of what she agreed to in 2003, her oft-repeated assertions of her belief that defendant still owed her tenure based upon the original letter suffice to preclude summary judgment. Aside from plaintiff’s own opinions on the matter, however, there is nothing in the record to indicate that any alleged guarantee of tenure remained beyond the date of the 2003 letter. Accordingly, we find that plaintiff’s subjective beliefs and unsupported arguments regarding the 2003 modification of her employment agreement are insufficient to raise triable issues of fact to defeat defendant’s motion for summary judgment dismissing the breach of contract cause of action (see e.g. 10 Cardinal Lane, LLC v *1096 N.K.T. Land Acquisitions, Inc., 117 AD3d 1133, 1135 [2014]; Woods v Consolidated Rail Corp., 234 AD2d 768, 770 [1996]; Brockway-Smith Co. v Greene, 179 AD2d 922, 924 [1992]). In light of our decision, we need not reach defendant’s remaining argument.
Peters, P.J., Egan Jr. and Devine, JJ., concur.
Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant’s motion for summary judgment; said motion granted in its entirety and breach of contract cause of action dismissed; and, as so modified, affirmed.