Yerich v Bassett Healthcare Network (2019 NY Slip Op 07466)





Yerich v Bassett Healthcare Network


2019 NY Slip Op 07466


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527712

[*1]Brian C. Yerich et al., Appellants,
v
Bassett Healthcare Network et al., Respondents.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ.


Robert F. Julian, PC, Utica (Robert F. Julian of counsel), for appellants.
Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Andrew S. Holland of counsel), for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Coccoma, J.), entered September 28, 2018 in Otsego County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff Brian C. Yerich was involved in a motorcycle accident in June 2007 and he subsequently developed severe lower back pain. When conservative treatment failed to accord him relief, Yerich presented to defendant Marshall E. Pedersen — a board-certified neurological surgeon — for a consultation. Pedersen diagnosed Yerich with "back pain with radiation down his left leg as a result of L5-S1 spondyiolisthesis and degenerative disc disease at L4-L5" and recommended that Yerich undergo surgery. On November 30, 2011, after obtaining a second opinion and trying additional conservative treatment methods, Yerich ultimately underwent the recommended surgical procedure. Specifically, Pedersen "removed the deteriorated discs at L4-S1; decompressed the nerves; placed cages and bone graft in the disc spaces and fixated the spine from L4-S1 with pedicle hardware." Following the surgery, Yerich complained of continued severe back pain, as well as significant discomfort in his left lower extremity, which he reported as being different than his preoperative pain. In 2012, Yerich and his spouse, derivatively, commenced this medical malpractice action alleging, among other causes of action, that defendants were negligent in their preoperative, operative and postoperative care and treatment of Yerich. In 2018, following joinder of issue, discovery and the filing of a note of issue, defendants moved for summary judgment dismissing the complaint, and plaintiffs cross-moved for leave to serve an amended bill of particulars. Supreme Court granted defendants' motion for summary judgment and denied plaintiffs' cross motion as moot. Plaintiffs appeal.
Plaintiffs do not dispute that defendants made a prima facie showing of entitlement to summary judgment dismissing the complaint. Indeed, defendants' submissions, including Yerich's medical records, an expert affirmation and an affidavit from Pedersen, constituted prima facie evidence that the preoperative, operative and postoperative care and treatment provided to Yerich by defendants conformed to accepted standards of medical care (see Tkacheff v Roberts, 147 AD3d 1271, 1272-1273 [2017]; Suib v Keller, 6 AD3d 805, 806 [2004]). Instead, plaintiffs contend that the expert witness affidavit that they submitted in opposition to defendants' motion raised a question of fact as to whether Pedersen departed from the standard of care by improperly placing certain hardware through Yerich's L3-L4 facet joints.[FN1]
To rebut defendants' prima facie showing of entitlement to summary judgment dismissing the medical malpractice claim, plaintiffs had to come forward with proof that could establish a deviation from accepted medical practice and that such alleged deviation was the proximate cause of Yerich's injuries, so as to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Snyder v Simon, 49 AD3d 954, 956 [2008]). To that end, plaintiff submitted the expert affidavit of a board-certified orthopedic surgeon, who opined, based upon his review of the relevant medical records and radiological images, including a CT scan taken shortly after the surgery, that Pedersen had improperly positioned the L4 pedicle screws into the L3-L4 facet joint and that such improper placement constituted a deviation from the standard of care that ultimately caused Yerich to develop spinal and foraminal stenosis at L3-L4. Plaintiffs' expert asserted that placing pedicle screws through the facet joints causes "damage[ to] the joint, reduces movement, [and] makes the spine unstable[,] which results in . . . spinal stenosis and foraminal stenosis requiring fusion," as happened here. Although plaintiffs' expert affidavit is not a model of precise drafting, when viewed in the light most favorable to plaintiffs (see Dugan v Troy Pediatrics, LLP, 105 AD3d 1188, 1192 [2013]), we find that plaintiffs' expert affidavit raises a question of fact as to whether Pedersen improperly positioned the L4 pedicle screws through the facet joint, thereby causing injury. Given the existence of a triable issue of fact, Supreme Court should not have dismissed plaintiffs' medical malpractice and derivative claims (see Tkacheff v Roberts, 147 AD3d at 1274; Dugan v Troy Pediatrics, LLP, 105 AD3d at 1191-1192).
Plaintiffs further argue that their cross motion to amend their bill of particulars — which Supreme Court denied as moot — should have been granted. We, however, decline to address the merits of their cross motion in the first instance (see generally Pennisi v Standard Fruit & S.S. Co., 206 AD2d 290, 293 [1994]). Such matter should instead be resolved by Supreme Court prior to trial.
Egan Jr., J.P., Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the first and third causes of action; motion denied to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: By limiting the issues raised in their appellate brief, plaintiffs have abandoned any argument related to the dismissal of their second and fourth causes of action, as well as any arguments involving additional alleged deviations from accepted standards of medical care (see Humphrey v Riley, 163 AD3d 1313, 1314 n [2018]).