Rodriguez v Riverside Ctr. Site 5 Owner LLC (2024 NY Slip Op 05192)

Rodriguez v Riverside Ctr. Site 5 Owner LLC

2024 NY Slip Op 05192

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 157144/17 Appeal No. 2860 Case No. 2023-03425 

[*1]Eglixer Rodriguez, Plaintiff-Respondent,
v
Riverside Center Site 5 Owner LLC et al., Defendants,

Shaub, Ahmuty, Citrin & Spratt LLP, New York (Payne Tatich of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about March 29, 2023, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and denied defendants RCB4 Nominee LLC, Tishman Construction Corporation, Tishman Construction Corporation of New York, and Sorbara Construction Corp. (defendants)'s cross-motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff allegedly fell from a cement truck while cleaning it after delivering cement to a construction site in Manhattan. The property owner, RCB4 Nominee LLC, hired defendant Tishman Construction Corporation of New York (TCCNY) as the construction manager and Sorbara Construction Corp. (Sorbara) as the concrete superstructure subcontractor. Plaintiff's employer, nonparty Jenna Concrete Corp. (Jenna), was Sorbara's cement supplier. Third-party defendant Valente Equipment Leasing Corp. owned plaintiff's truck.
Plaintiff stated that he had delivered cement to the construction site twice before the accident. After each delivery he washed the chute of the cement truck. According to plaintiff, on the day of the incident, after the cement was pumped from his truck, workers at the site directed him forward approximately 10 feet to one of three "wash boxes" on site. There, plaintiff washed his truck's cement chute using a hose attached to the truck. Prior to doing so, using the truck's ladder, plaintiff climbed onto a platform on the truck, which had a railing and was approximately 10 feet above the ground. After washing the chute for approximately 5 or 10 minutes, he held onto the railing and was about to descend the platform when the railing broke, causing him to fall to the ground.
Supreme Court properly found that "[p]laintiff's washing the truck at the time of the injury was a continuation of his enumerated activity within the meaning of construction work under [s]ection 240," and his "actions at the time of the injury were not separate or clearly distinguishable from his work." The record supports the conclusion that as plaintiff was engaged in an "activity necessary and incidental to the alteration work occurring at the work site, his accident [wa]s within the purview of Labor Law § 240(1)" (D'Alto v 22-24 129th St., LLC, 76 AD3d 503, 506 [2d Dept 2010]). Plaintiff was "engaged in work necessary and incidental to" (Olsen v James Miller Mar. Serv., Inc., 16 AD3d 169, 171 [1st Dept 2005]) his undisputedly covered work of delivering cement to the construction site.
As the Court of Appeals stated in Prats v Port Auth. of N.Y. & N.J. (100 NY2d 878 [2003]), "it is neither pragmatic nor consistent with the spirit of [Labor Law § 240(1)] to isolate the moment of injury and ignore the general context of the work," as "[t]he intent of the statute was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (id. at 882).
Plaintiff concedes [*2]that his Labor Law § 200 claim as against defendants should be dismissed, and plaintiff has abandoned his common-law negligence claim as against defendants.
Plaintiff's Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment on his Labor Law § 240(1) claim (see e.g. Howard v Turner Constr. Co., 134 AD3d 523 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024