■ John Anarumo, Jr., et al., Respondents, v Slattery Associates, Inc., Defendant and Third-Party Plaintiff-Appellant, and Pride Equipment Corporation, Respondent. Martin Iron and Construction Corp. et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [751 NYS2d 208] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Slattery Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated March 8, 2001, as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241 (6) as against it, and denied its cross motion for summary judgment on its cross claim for common-law indemnification against the defendant Pride Equipment Corporation, and for summary judgment on its claim for contractual indemnification against the third-party defendants Martin Iron and Construction Corp. and McKay Enterprises.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment against the defendant third-party plaintiff, Slattery Associates, Inc., on the issue of liability on the causes of action based on Labor Law § 240 (1) and § 241 (6) and substituting therefor provisions denying those branches of the motion, and, upon searching the record, granting summary judgment to the defendant third-party plaintiff Slattery Associates, Inc., dismissing the cause of action based on Labor Law § 241 (6); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff John Anarumo, Jr. (hereinafter the plaintiff), an iron worker, allegedly was injured while repairing steel support beams at a construction site under the Van Wyck Expressway. At the time, the plaintiff was in a manlift basket that was elevated approximately 12 to 13 feet above the ground, and he was holding a 60- to 80-pound steel plate above his head. The manlift basket suddenly dropped down about one foot and the plaintiff lost control of the steel plate, which struck him on the shoulder.

The plaintiff and his wife commenced this action, inter alia, to recover damages for personal injuries against Slattery Associates, Inc. (hereinafter Slattery), the general contractor, and Pride Equipment Corporation (hereinafter Pride), the owner of the manlift. Slattery commenced a third-party action against Martin Iron and Construction Corp. (hereinafter Martin), a subcontractor, and McKay Enterprises (hereinafter

McKay), a contractor named on certain records as the plaintiff's alleged employer.

The plaintiffs moved for summary judgment on the issue of liability pursuant to, inter alia, Labor Law § 240 (1) and § 241 (6) insofar as asserted against Slattery, and Slattery cross-moved for summary judgment seeking common-law indemnification against Pride and contractual indemnification as against Martin and McKay. The Supreme Court granted the plaintiffs' motion and denied Slattery's cross motion.

Contrary to the Supreme Court's determination, that branch of the plaintiffs' motion which was for summary judgment on their cause of action pursuant to Labor Law § 240 (1) as against Slattery should have been denied, as there is a triable issue of fact as to the cause of the accident (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; Rocovich v Consolidated Edison Co., 78 NY2d 509; see also Narducci v Manhasset Bay Assoc., 96 NY2d 259).

Moreover, that branch of the plaintiffs' motion which was for summary judgment on their cause of action under Labor Law § 241 (6), based upon an alleged violation of 12 NYCRR 23-9.2 (a) as against Slattery should have been denied because 12 NYCRR 23-9.2 (a) merely establishes general safety standards which do not give rise to a nondelegable duty (see Ross v Curtis-Palmer Hydro-Elec. Co., supra at 503-505; Phillips v City of New York, 228 AD2d 570). Upon searching the record, we grant summary judgment to Slattery dismissing the cause of action alleging a violation of Labor Law § 241 (6) (see CPLR 3212 [b]).

However, the Supreme Court properly denied Slattery's cross motion for summary judgment on its common-law indemnification claim against Pride and its claim for contractual indemnification as against Martin and McKay (see Correia v Professional Data Mgt., 259 AD2d 60, 64-65). Ritter, J.P., Feuerstein, Adams and Rivera, JJ., concur.