■ THOMAS HASSETT, Appellant, v CELTIC HOLDINGS, LLC, et al., Respondents. [775 NYS2d 855]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 23, 2003, which granted defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In merely citing general safety standards, plaintiff has not sufficiently pleaded a violation of a specific provision of the Industrial Code (Labor Law § 241 [6]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Plaintiff cannot rely on the general provisions of 12 NYCRR 23-1.5 (c) (3), requiring an employer to keep equipment and safety devices in proper working order (*Williams v White Haven Mem. Park*, 227 AD2d 923 [1996]; *see also Hawkins v City of New York*, 275 AD2d 634, 635 [2000]); or 12 NYCRR 23-1.12 (c), which does not apply to the type of power tool that caused his accident; or 12 NYCRR 23-9.2 (a), which is a general requirement to maintain power equipment in good operating order (*Anarumo v Slattery Assoc.*, 298 AD2d 339, 340 [2002]). His attempted reliance on rule 19.32, on the basis of its incorporation by reference into 12 NYCRR 23-1.12 (a) and 23-9.2 (d), is unavailing. Those portions of part 23 of the Industrial Code do not apply to the facts of this case, and in any event, part 19 was repealed after the cited sections of part 23 were promulgated. Concur—Nardelli, J.P., Andrias, Ellerin and Marlow, JJ.