■ CHRISTOPHER S. CONFORTI et al., Appellants, v BOVIS LEND LEASE LMB, INC., et al., Respondents. (And a Third-Party Action.) [829 NYS2d 498]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered November 9, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

To be held liable under Labor Law § 200 or common-law

negligence, where the alleged defect or dangerous condition arises from the contractor's methods, an owner or construction manager must be found to have exercised supervisory control over the work (*see Lombardi v Stout*, 80 NY2d 290 [1992]). The general duty to supervise the work and ensure compliance with safety regulations does not constitute such control of the work site as would render the supervisory entity liable for the negligence of the contractor who performs the day-to-day operations (*see Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]).

Here, there was insufficient evidence that Bovis exercised supervisory control over the injured plaintiff's work at the time of the accident. It was the method and means of plaintiff's employer, specifically in the use of the grinder, that allegedly caused the accident. Thus, the motion court correctly dismissed plaintiffs' common-law negligence and Labor Law § 200 claims (*see Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 350 [2006]).

Furthermore, plaintiffs have not pleaded the violation of any applicable provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). 12 NYCRR 23-1.12 (c) is not a catchall provision that includes the type of power tool at issue here (*see Hassett v Celtic Holdings*, 7 AD3d 364 [2004]). The Labor Law § 241 (6) claim was properly dismissed. Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.