■ IGOR MISICKI, Respondent, v SALVATORE CARADONNA, Defendant, and 430-50 SHORE ROAD CORPORATION, Appellant. (And a Third-Party Action.) [857 NYS2d 672]—

In an action to recover damages for personal injuries, the defendant 430-50 Shore Road Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 8, 2007, as amended by an order of the same court dated June 25, 2007, as, upon reargument of that branch of its prior motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it to the extent that it was premised upon an alleged violation of 12 NYCRR 23-9.2 (a), which had been granted by a prior order of the same court dated April 11, 2006, vacated that portion of the prior order, and denied that branch of its prior motion.

Ordered that the order dated March 8, 2007, as amended, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the original determination in the order dated April 11, 2006 granting that branch of the defendant's prior motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it to the extent that it was premised upon an alleged violation of 12 NYCRR 23-9.2 (a) is adhered to.

The plaintiff allegedly was injured while utilizing a tool known as a "Grinder" to cut through concrete. The plaintiff

commenced this action to recover damages for personal injuries against, among others, the defendant 430-50 Shore Road Corporation (hereinafter the defendant), the owner of the property at which he was working on the date of the incident. Upon reargument, the Supreme Court denied that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it, to the extent that it was premised upon an alleged violation of 12 NYCRR 23-9.2 (a). We reverse.

Contrary to the Supreme Court's determination, 12 NYCRR 23-9.2 (a) does not support the plaintiff's claim under Labor Law § 241 (6), as that provision merely establishes general safety standards which do not give rise to a nondelegable duty (*see Anarumo v Slattery Assoc.*, 298 AD2d 339, 340 [2002]; *Thompson v Ludovico*, 246 AD2d 642, 643-644 [1998]; *Phillips v City of New York*, 228 AD2d 570, 572 [1996]; *see also Hassett v Celtic Holdings*, 7 AD3d 364, 365 [2004]). Accordingly, upon reargument, the Supreme Court should have adhered to the original determination granting that branch of the defendant's prior motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it to the extent that it was premised upon an alleged violation of 12 NYCRR 23-9.2 (a). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.