■ Angel Hernandez, Respondent, v Seadyck Realty Co., LLC, Appellant, et al., Defendant. (And a Third-Party Action.) [29 NYS3d 5]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about August 3, 2015, which, insofar as appealed from, denied that branch of the motion of defendant Seadyck Realty Co., LLC (Seadyck) for summary judgment dismissing the Labor Law § 241 (6) claim predicated upon a violation of 12 NYCRR 23-1.12 (c), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff was injured when a grinder he was using to cut a hole in a wooden bathroom vanity kicked back on him, cutting his hand and wrist. Plaintiff testified that when his employer gave him the grinder to complete his assigned task, it did not have a grinding disk or a guard attached, but instead, had a saw blade with large teeth for cutting wood. We are constrained

by recent precedent to find that it is irrevelant whether the modified grinder was functionally equivalent to a power-driven saw in determining whether it falls within 12 NYCRR 23-1.12 (c), since the plain language of that section indicates that it is applicable to "[e]very portable, power-driven, hand-operated saw," not grinders (*see Sovulj v Procida Realty & Constr. Corp. of N.Y.*, 129 AD3d 414 [1st Dept 2015]). We note, however, that, according to the briefs submitted in *Conforti v Bovis Lend Lease LMB, Inc.* (37 AD3d 235 [1st Dept 2007]), the case on which Sovulj relies, the grinder at issue in *Conforti* was not altered to be the functional equivalent of a power saw.

Plaintiff's allegation, made for the first time on appeal, that Seadyck violated 12 NYCRR 23-1.5 (c) (3), is not properly before this Court (*see e.g. Miller v Savarino Constr. Corp.*, 103 AD3d 1137 [4th Dept 2013]; *Cody v Garman*, 266 AD2d 850, 851 [4th Dept 1999]). However, to the extent plaintiff failed to seek leave of the court to amend his bill of particulars to allege such a violation, he should be granted an opportunity to do so, as there is no prejudice to defendant (*see Sahdala v New York City Health & Hosps. Corp.*, 251 AD2d 70 [1st Dept 1998]). Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.