■ PLAINVIEW S. & S. CONCRETE CO., INC., Respondent-Appellant, v NVNG DEVELOPMENT CORP., Appellant-Respondent. —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Goldstein, J.H.O.), entered November 9, 1987, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $36,784.50, and the plaintiff cross-appeals from so much of the same judgment as denied its claim to recover damages for loss of profits.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

This action arises in connection with a contract for the performance of certain concrete work by the plaintiff during the construction of a building owned by the defendant. In viewing the evidence in the light favorable to sustain the trial court's judgment and giving due deference to its findings on credibility (see, McKnight v Murabito, 139 AD2d 571, 572), we find that the court's determination was supported by the testimony of both parties' witnesses. The plaintiff left the jobsite because the preparatory work, for which the defendant was responsible, had not yet been completed, thereby causing the plaintiff to be unable to continue working at that time. Under these circumstances, the defendant cannot successfully assert that the plaintiff, in leaving the work site and taking its materials so that they would not be unlawfully used by other contractors, abandoned its obligations under the contract (see, Graves v White, 87 NY 463, 464-465).

Similarly unpersuasive is the defendant's contention that it did not breach the contract because it never ordered the plaintiff off the project site or fired the plaintiff. While the plaintiff was waiting for the preparatory work to be performed so that it could return to the site, the defendant hired other contractors to perform the work which the plaintiff was obligated to perform pursuant to the contract. In doing so, the defendant breached the contract by preventing the plaintiff from performing (see, Surplus Equip. v Xerox Corp., 120 AD2d 582, 583). Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.