■ HENRY WARNITZ et al., Plaintiffs, v LIRO GROUP, LTD., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. BABYLON IRON WORKS, INC., Third-Party Defendant-Appellant. (And Another Title.) [678 NYS2d 910] —In an action to recover damages for personal injuries, etc., the third-party defendant Babylon Iron Works, Inc. appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered June 6, 1997 as granted the motion of the defendant third-party plaintiff Liro Group, Ltd., for summary judgment on the third-party action for indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Henry Warnitz was injured while working on a construction project for which the defendant third-party plaintiff Liro Group, Ltd. (hereinafter Liro) was the construction manager. The Supreme Court granted partial summary judgment to the plaintiffs against Liro with respect to their cause of action under Labor Law § 240 (1), and also granted the motion made by Liro for summary judgment on its third-party claim for indemnification against the appellant Babylon Iron Works, Inc. (hereinafter Babylon). Babylon asserts that issues of fact as to Liro's actual negligence preclude the granting of summary judgment against it, and that a trial is necessary to determine the applicability of General Obligations Law § 5-322.1 (see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786; Brown v Two Exch. Plaza Partners, 76 NY2d 172). We do not agree, and therefore affirm.

In Buccini v 1568 Broadway Assocs. (250 AD2d 466, 468-469) the Appellate Division, First Department stated: "The construction manager's authority to stop the contractor's work, if the manager notices a safety violation, does not give the manager a duty to protect the contractor's employees (Fox v Jenny Eng'g Corp., 122 AD2d 532, 533, affd 70 NY2d 761). The general duty to supervise the work and ensure compliance with safety regulations does not amount to supervision and control of the work site such that the supervisory entity would be liable for the negligence of the contractor who performs the day-to-day operations (D'Antuono v Goodyear Tire & Rubber Co., 231 AD2d 955). By the same token, 'the fact that [the owner] may have dispatched persons to observe the progress

and method of the work does not render it actively negligent' (*Aragon v 233 W. 21st St.,* 201 AD2d 353, 354)."

In light of these general principles (*see also, Decotes v Merritt Meridian Corp.,* 245 AD2d 864; *Werner v East Meadow Union Free School Dist.,* 245 AD2d 367; *Tambasco v Norton Co.,* 207 AD2d 618), there is no evidence in the record to support the inference that Liro was negligent in any way causally related to the plaintiff's accident. No finding of negligence on Liro's part being possible, the Supreme Court correctly enforced the indemnification agreement (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra; Brown v Two Exch. Plaza Partners, supra*). Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.