■ THOMAS ORR, Respondent, v CITY OF NEW YORK, Appellant. [757 NYS2d 110] —In an action, inter alia, to recover damages for personal injuries pursuant to the Jones Act (46 USC Appendix § 688), the defendant appeals from a judgment of the Supreme Court, Richmond County (Ponterio, J.), entered December 6, 2001, which, upon the denial of its motion for summary judgment dismissing the complaint, and a jury verdict, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was employed by the defendant, City of New York, as a "marine oiler" or "tankerman" at the St. George Terminal in Staten Island. He was injured when he stepped off a gangplank onto a barge and slipped on oil. The plaintiff commenced this action against the City to recover damages for personal injuries pursuant to the Jones Act (46 USC Appendix § 688). The City moved for summary judgment dismissing the complaint, arguing that the plaintiff was not a "seaman" within the meaning of the Jones Act because the barge at issue was not a "vessel in navigation." The Supreme Court denied the motion, finding that the City was judicially estopped from making such an argument based on a prior position it took in proceedings concerning the plaintiff's claim for workers' compensation benefits for the same injuries. The City appeals from a judgment rendered after trial in favor of the plaintiff and against it. We reverse and dismiss the complaint. The Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint.

The Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury" (46 USC Appendix § 688 [a]). The act does not define the term "seaman." However, the United States Supreme Court has set forth two essential requirements to be a sea-

man—(1) the employee's duties must contribute to the function of a vessel or to the accomplishment of its mission, and (2) the employee must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature (*see Chandris, Inc. v Latsis,* 515 US 347, 368 [1995]; *McDermott Intl. v Wilander,* 498 US 337, 355 [1991]; *Pittinger v Long Is. R.R.,* 233 AD2d 428 [1996]). The United States Supreme Court has not further articulated what constitutes a "vessel in navigation." However, the Court of Appeals for the Second Circuit has articulated factors to be considered in determining when a floating structure is a vessel in navigation within the meaning of the Jones Act: "(1) whether the structure was being used primarily as a work platform during a reasonable period of time immediately preceding the accident; (2) whether the structure was moored or otherwise secured at the time of the accident; and (3) whether, despite being capable of movement, any transportation function performed by the structure was merely incidental to its primary purpose of serving as a work platform" (*Tonnesen v Yonkers Contr. Co.,* 82 F3d 30, 36 [1996]). Although this holding is not binding on this Court, we find it persuasive (*cf. Yacono v Kreighs Co.,* 242 AD2d 291 [1997]). The evidence submitted on the City's motion revealed that (1) the barge at issue, which lacked a means of self-propulsion, was being used as a work platform to fuel and oil ferries at the time of and for a reasonable period immediately preceding the accident, (2) the barge was moored to a dock at the time of the accident, where it remained except when towed to dry dock for biannual inspections and repairs, and (3) the barge was last used to transport cargo across navigable waters in 1989, during a tugboat strike, and that any transportation function of the barge was merely incidental to its primary purpose as a work platform. This evidence was sufficient to support judgment to the City as a matter of law on its argument that the plaintiff was not a seaman within the meaning of the Jones Act.

Further, the doctrine of judicial estoppel was not properly applied to preclude the City from making this argument (*see Bono v Cucinella,* 298 AD2d 483 [2002]; *Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435 [1995]). The plaintiff applied for and received workers' compensation benefits for the injuries at issue. In proceedings related to those benefits, the City correctly argued that workers' compensation benefits were only payable upon the waiver of the plaintiff's federal claim under the Jones Act (*see* Workers' Compensation Law § 113). The City did not argue that the plaintiff's acceptance of workers' compensation benefits constituted such a waiver (*see*

*Pedersen v Manitowoc Co.,* 25 NY2d 412 [1969]; *Mooney v City of New York,* 219 F3d 123 [2000], *cert denied* 531 US 1145 [2001]). In making this argument, the City did not take the position that the plaintiff was in fact a "seaman" or otherwise entitled to recover under the Jones Act.

The plaintiff's remaining contentions lack merit or are not properly before this Court on appeal. Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.