■ CLIVE R. SONGUI, Respondent, v CITY OF NEW YORK et al., Appellants. [770 NYS2d 103]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated September 25, 2001, as denied that branch of its motion for summary judgment which was to dismiss the claim based on Labor Law § 241 (6), and the defendant Reynolds Shipyard Corporation separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by the defendant Reynolds Shipyard Corporation, on the law, the motion of that defendant is granted, the complaint is dismissed insofar as asserted against that defendant, and the action against the remaining defendant is severed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant City of New York; and it is further,

Ordered that one bill of costs is awarded to the defendant Reynolds Shipyard Corporation payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendant City of New York.

Reynolds Shipyard Corporation (hereinafter Reynolds) entered into a contract with the City of New York to repair City-owned sanitation barges. The barges were moved by tugboat, as they had no motors or crews. The plaintiff, a welder, was hired by Reynolds for a temporary period of about two weeks to repair a hole on one of the barges, which was moored at Reynolds' pier on Staten Island. After working for about a week, the plaintiff was injured when he fell from a scaffold located inside the barge. The plaintiff commenced this action against Reynolds and the City to recover damages based, inter alia, on common-law negligence, the Jones Act (46 USC Appendix § 688) and Labor Law §§ 200, 240 (1), and § 241 (6).

Reynolds moved to dismiss the complaint insofar as asserted against it on the ground that the plaintiff was not a "seaman" within the meaning of the Jones Act, and therefore his only remedy against his employer was compensation benefits under the Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA) (33 USC § 901 *et seq.*). We agree and dismiss the complaint insofar as asserted against Reynolds.

The Jones Act provides, in relevant part, that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury" (46 USC Appendix § 688 [a]). In order to be deemed a "seaman" within the meaning of the Jones Act, an individual, inter alia, "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature" (*Chandris, Inc. v Latsis,* 515 US 347, 368 [1995]; *see also Orr v City of New York,* 304 AD2d 541 [2003], *lv denied* 100 NY2d 508 [2003]). The purpose of this requirement is "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea" (*see Chandris, Inc. v Latsis, supra,* at 368).

The plaintiff was a land-based worker with only a transitory connection to a vessel in navigation. He was hired on a temporary basis to weld a metal plate onto the barge, which was moored, motorless, and without a crew. Based on this employment, the plaintiff was not "regularly expose[d] . . . to the perils of the sea" (*id.,* at 368; *see Pittinger v Long Is. R.R.,* 233 AD2d 428 [1996]).

The City contends that the plaintiff's Labor Law § 241 (6) claim was preempted by the LHWCA. Under the LHWCA, a vessel owner may only be held liable for its own negligence (*see Scindia Steam Nav. Co. v De Los Santos,* 451 US 156 [1981]), while Labor Law § 241 (6) permits a property owner to be held vicariously liable for the negligence of a third party (*see Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 350 [1998]).

In determining whether federal maritime law preempts state law, the test is whether the state law works material prejudice to a characteristic feature of maritime law or interferes with the "harmony and uniformity of [maritime] law in its international and interstate relations" (*Yamaha Motor Corp., U.S.A. v Calhoun,* 516 US 199, 207 [1996] [internal quotation marks omitted]; *see American Dredging Co. v Miller,* 510 US 443, 447 [1994]).

The Court of Appeals has held that the LHWCA does not preempt Labor Law § 241 (6), as that provision "allow[s] for liability predicated on fault and [is] wholly consistent with the laudatory maritime goal of compensating injured maritime workers" (*Cammon v City of New York,* 95 NY2d 583, 590 [2000]; *see also Eriksen v Long Is. Light. Co.,* 236 AD2d 439 [1997]).

Contrary to the City's contention, the fact that the *Cammon* case involved a land-based property owner, as opposed to a vessel owner, does not warrant a finding that the LHWCA preempts Labor Law § 241 (6) under the circumstances of this case. Although the state and federal statutes differ on the doctrine of vicarious liability, the doctrine of comparative fault, which is considered a characteristic feature of maritime law (*see Pope & Talbot v Hawn,* 346 US 406 [1953]; *Cammon v City of New York, supra* at 593 [Rosenblatt, J., dissenting in part]), is common to both statutes. Since the City, as the vessel owner, would not be subject to liability without allocation of fault, permitting a claim based on Labor Law § 241 (6) would not result in material prejudice to a characteristic feature of maritime law. Furthermore, the application of state law under these circumstances would not interfere with the harmony and uniformity of maritime law, as this was a local vessel, which had no crew or means of self-propulsion. Accordingly, the Supreme Court properly denied that branch of the City's motion which was to dismiss the plaintiff's claim under Labor Law § 241 (6). Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.