■ SUSAN CAMBIZACA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [871 NYS2d 220]—

The decedent was working for a company that had contracted with the defendant New York City Transit Authority to perform work on a subway platform. The decedent was standing near another worker who was using an angle grinder on the subway platform. A portion of the angle grinder broke off and struck the decedent in the head. He died five days later. The plaintiff, individually and as administratrix of the decedent's estate, brought four causes of action against the defendant to recover damages based on, among other things, common-law negligence, and violation of Labor Law §§ 200 and 241 (6).

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502 [1993]; *Lombardi v Stout,* 80 NY2d 290, 294-295 [1992]). "[T]he duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools and methods, or through

negligent acts of the subcontractor occurring as a detail of the work" (*Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145 [1965]).

Where, as here, a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged had the authority to exercise supervisory control over the operation (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]). A defendant has the authority to control the work for the purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed (*see Ortega v Puccia,* 57 AD3d 54 [2008]). In this regard "[t]he retention of the right to generally supervise the work, to stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations, does not amount to the [authority to] supervise and control . . . necessary to impose liability on an owner or general contractor pursuant to Labor Law § 200" (*Dennis v City of New York,* 304 AD2d 611, 612 [2003]; *see Warnitz v Liro Group,* 254 AD2d 411, 411-412 [1998]).

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and violation of Labor Law § 200. The defendant made a prima facie showing of its entitlement to summary judgment, and the plaintiff failed to raise a triable issue of fact as to whether the defendant had the authority to exercise that degree of direction and control necessary to impose liability for common-law negligence or under Labor Law § 200 (*see Dennis v City of New York,* 304 AD2d 611, 612 [2003]; *Warnitz v Liro Group,* 254 AD2d 411, 411-412 [1998]).

The Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action premised on Labor Law § 241 (6). In response to the defendant's prima facie showing of its entitlement to summary judgment, the plaintiff failed to allege or demonstrate the applicability of any viable provision of the Industrial Code (*see Conforti v Bovis Lend Lease LMB, Inc.,* 37 AD3d 235, 236 [2007]; *Hassett v Celtic Holdings,* 7 AD3d 364, 365 [2004]).

The plaintiff's remaining contentions are either academic or without merit. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.