■ JUAN-CARLOS ENRIQUEZ, Appellant, v B & D DEVELOPMENT, INC., et al., Respondents. [880 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), entered July 29, 2008, as granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's causes of action sounding in common law negligence and violations of Labor Law §§ 200 and 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing his causes of action alleging common-law negligence and violations of Labor Law § 200. The defendants established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]) by annexing the pleadings and the deposition testimony of the plaintiff to their attorney's affirmation (*see Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]). This evidence demonstrated that the plaintiff's accident allegedly arose from the means and methods of his work, that the work was directed and controlled exclusively by his fellow employee, and that the defendants exercised no supervisory control over his work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 620 [2008]; *Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652 [2007]). In opposition to that branch of the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact, since a mere showing that one or more of the defendants had general supervisory authority over the project is insufficient for this purpose (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Haider v Davis*, 35 AD3d 363, 364 [2006]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851 [2006]; *Parisi v Loewen Dev. of Wappinger Falls*, 5 AD3d 648 [2004]).

Furthermore, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the plaintiff's claim that the defendants violated Labor Law § 241 (6). The plaintiff's reliance upon 12 NYCRR 23-1.7 (d) in this regard is unavailing, since his accident occurred in an open area of a construction site, a location to which that regulation does not apply (*see Hertel v Hueber-Breuer Constr. Co., Inc.*, 48 AD3d 1259, 1260 [2008]; *Porazzo v City of New York*, 39 AD3d 731 [2007]; *Roberts v Worth Constr., Inc.*, 21 AD3d 1074, 1077 [2005]; *Morra v White*, 276 AD2d 536, 537 [2000]; *Rose v A. Servidone, Inc.*, 268 AD2d 516, 517-518 [2000]). Likewise, 12 NYCRR 23-1.7 (e) (2) is inapplicable to the accident, as described by the plaintiff. In any event, the alleged obstructions on the ground in his work area were an integral part of the work that he and his coworkers were performing (*see Furino v P & O Ports*, 24 AD3d 502, 504 [2005]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *Dalanna v City of New York*, 308 AD2d 400, 401 [2003]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]; *Bond v York Hunter Constr.*, 270 AD2d 112, 113 [2000], *affd* 95 NY2d 883 [2000]). Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.