■ ARRA ASHJIAN, Respondent-Appellant, v ORION POWER HOLDINGS, INC., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant. ELLIOTT TURBOMACHINERY Co., INC., et al., Third-Party Defendants-Appellants-Respondents. (And Additional Third-Party Actions.) [895 NYS2d 459]—

In an action to recover damages for personal injuries, the third-party defendants Elliott Turbomachinery Co., Inc., and Elliott Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated July 13, 2007, as granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) against the defendants/third-party plaintiffs, and denied that branch of their cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against them, and denied that branch of his cross motion which was for leave to amend the complaint to assert a Labor Law § 200 cause of action against the defendants/third-party plaintiffs.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification and substituting therefor a provision granting that branch of the motion, and (2), by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) against the defendants/third-party plaintiffs and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the third-party defendants, payable by the plaintiff.

The plaintiff, an apprentice millwright employed by the third-party defendants Elliott Turbomachinery Co., Inc., and Elliott

Companies (hereinafter together Elliott), alleged that he was injured when he stepped into an unguarded, open hatch on the deck of the barge *Gowanus Bay No. 3* while overhauling a turbine housed thereon. He commenced this action against, among others, the owners of the barge, the defendants/third-party plaintiffs Orion Power Holdings, Inc., Orion Power New York GP II, Inc., Orion Power New York GP, Inc., Orion Power New York LP, Inc., Orion Power New York, L.P., LLC, Orion Power New York L.P., Orion Power Operating Services Astoria, Inc., and Astoria Generating Company, L.P. (hereinafter collectively the Orion entities), to recover damages for common-law negligence. The Orion entities asserted a third-party cause of action against Elliott for, inter alia, contractual indemnification.

The Orion entities moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. Elliott cross-moved, inter alia, for summary judgment dismissing the Orion entities' third-party cause of action for contractual indemnification. The plaintiff separately cross-moved for leave to amend his complaint to assert causes of action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) against the Orion entities, among others. The court awarded summary judgment to the Orion entities dismissing the plaintiff's common-law negligence cause of action and denied the plaintiff's cross motion for leave to amend the complaint to assert a Labor Law § 200 cause of action against them, but granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert Labor Law § 240 (1) and § 241 (6) causes of action against them. The court also denied Elliott's cross motion for summary judgment dismissing the Orion entities' third-party cause of action for contractual indemnification. Elliott appealed and the plaintiff cross-appealed. In a decision and order on motion dated February 11, 2009, this Court stayed the appeal and cross-appeal pending a decision by the Court of Appeals in *Lee v Astoria Generating Co., L.P.* (13 NY3d 382 [2009]), which involved another Elliott employee who, in the course of the same project, was injured aboard the ship *Gowanus Bay No. 1,* which is part of the same group of barges as the one on which the plaintiff allegedly was injured. Based on the Court of Appeals' decision in the *Lee* case, we modify.

In *Lee*, the Court of Appeals determined that a barge similar to the one in question here was a "vessel" within the meaning of federal maritime law (*id.* at 390-391, citing *Stewart v Dutra Constr. Co.*, 543 US 481, 489 [2005]; 1 USC § 3), and that, therefore, the federal Longshore and Harbor Workers' Compen-

sation Act (hereinafter the LHWCA; 33 USC § 901 *et seq.*) applied to work injuries occurring thereon (*see Lee v Astoria Generating Co., L.P.,* 13 NY3d at 391-392).

The LHWCA provides that, where it applies, an injured worker's employer "shall not be liable to the vessel for . . . damages directly or indirectly and any agreements or warranties to the contrary shall be void" (33 USC § 905 [b]; *see Fragedis v Farrell Lines,* 64 NY2d 987, 988 [1985]; *Hartley v City of New York,* 228 AD2d 646, 647 [1996]; *Colamarino v City of New York,* 166 AD2d 404, 405-406 [1990]). Since the barge *Gowanus Bay No. 3* is a vessel within the meaning of federal maritime law and the LHWCA, and since the LHWCA prohibits indemnification actions against an injured worker's employer, the court erred in denying that branch of Elliott's motion which was for summary judgment dismissing the Orion entities' third-party cause of action for contractual indemnification against it.

The Court of Appeals further held that the LHWCA preempted causes of action under Labor Law § 240 (1) and § 241 (6) (*see* 33 USC § 905 [b]; *Lee v Astoria Generating Co., L.P.,* 13 NY3d at 391-392). Accordingly, the plaintiff should not have been granted leave to amend his complaint to assert causes of action under Labor Law § 240 (1) and § 241 (6) against the Orion entities.

With respect to the plaintiff's common-law negligence cause of action, where the alleged injuries are caused by a dangerous premises condition liability for common-law negligence will attach only if the owner has control over the work site and actual or constructive notice of the dangerous condition (*see Gallello v MARJ Distribs., Inc.,* 50 AD3d 734, 735 [2008]). Since the plaintiff's injuries arose out of an allegedly dangerous condition on the barge (*see LaGiudice v Sleepy's Inc.,* 67 AD3d 969 [2009]), the plaintiff failed to rebut the Orion entities' prima facie showing that they did not have actual or constructive notice of the condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Gonzalez v Jenel Mgt. Corp.,* 11 AD3d 656 [2004]) and, thus, he failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly awarded summary judgment to the Orion entities dismissing the cause of action based on common-law negligence insofar as asserted against them. Since Labor Law § 200 simply codifies the common-law duty to provide a safe place to work, it follows that the Supreme Court properly denied that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a Labor Law § 200 cause of action against the Orion entities (*see Hunter v R.J.L. Dev., LLC,* 44 AD3d 822, 825 [2007]; *Eriksen v Long Is. Light. Co.,* 236 AD2d 439, 440 [1997]). Rivera, J.P.,

Dickerson, Chambers and Hall, JJ., concur. **[Prior Case History: 16 Misc 3d 1115(A), 2007 NY Slip Op 51425(U).]**