■ CITY OF NEW YORK, Respondent, v FIRST NATIONAL INSURANCE COMPANY OF AMERICA, Appellant. [912 NYS2d 434]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend the plaintiff as an additional insured in an underlying action entitled *Guzman v City of New York*, pending in the Supreme Court, Kings County, under index No. 35271/05, the defendant appeals from an order of the Supreme Court, Kings County (Miller, J.), dated October 28, 2009, which granted the plaintiff's motion for summary judgment and denied its cross motion, among other things, for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to defend the City of New York in the personal injury action entitled *Guzman v City of New York*, pending in the Supreme Court, Kings County, under index No. 35271/05.

Contrary to the contentions of the defendant, First National Insurance Company of America (hereinafter First National), the plaintiff, City of New York, satisfied its burden of demonstrating its prima facie entitlement to judgment as a matter of law by establishing that the allegations of the complaint in the underlying personal injury action suggested a reasonable possibility of coverage which triggered First National's duty to defend under the terms of the subject policy (*see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010]; *City of New York v Philadelphia Indem. Ins. Co.*, 54 AD3d 709 [2008]). In this regard, First National failed to demonstrate that the allegations fell completely outside the coverage afforded by the policy, and thus neither raised a triable issue of fact in opposition to the City's motion nor made a prima facie showing on its own cross motion.

Contrary to First National's contention, the City's submis-

sions in support of its motion constituted "sufficient evidentiary proof in admissible form" (*Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]; *see Enriquez v B & D Dev., Inc.*, 63 AD3d 780, 781 [2009]), and the Supreme Court did not err in considering the proffered deposition testimony from the underlying personal injury action in determining the issue of First National's duty to defend (*see One Beacon Ins. v Travelers Prop. Cas. Co. of Am.*, 51 AD3d 1198, 1200 [2008]).

First National's remaining contentions are without merit. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.