■ ELSAYED ELDOH, Respondent, v ASTORIA GENERATING COMPANY, L.P., et al., Defendants/Third-Party Plaintiffs-Appellants, and AAR ENGINE COMPONENTS SERVICES, INC., et al., Defendants/Third-Party Defendants-Appellants, et al., Third-Party Defendants. (And Another Third-Party Action.) [917 NYS2d 289]—

In an action to recover damages for personal injuries, the defendants Astoria Generating Company, L.P., Orion Power Holdings, Inc., Orion Power New York GP II, Inc., Reliant Resources,

Inc., doing business as Reliant Energy, and Reliant Energy, Inc., appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated September 2, 2008, as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them and on their cross claim and third-party cause of action for indemnification against the defendants AAR Engine Components Services, Inc., and AAR Power Services, Inc., and (2) from so much of an order of the same court dated March 2, 2010, which, upon renewal, adhered to the determination in the order dated September 2, 2008, denying that branch of their motion which was for summary judgment dismissing the causes of action alleging common-law negligence and the violation of Labor Law § 200 insofar as asserted against them and on their cross claim and third-party cause of action for indemnification against the defendants AAR Engine Components Services, Inc., and AAR Power Services, Inc., and the defendants AAR Engine Components Services, Inc., and AAR Power Services, Inc., separately appeal, as limited by their briefs, (1) from so much of the order dated September 2, 2008, as granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) from so much of the order dated March 2, 2010, as, upon renewal, adhered to the determination in the order dated September 2, 2008, granting the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 240 (1) and § 241 (6) insofar as asserted against them, and denying their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeals from the order dated September 2, 2008, are dismissed, as that order was superseded by the order dated March 2, 2010, made upon renewal; and it is further;

Ordered that the order dated March 2, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the appellants appearing separately and filing separate briefs.

The plaintiff was injured when performing work in connection with the overhaul of an electricity-generating turbine on a barge in the waters off of Brooklyn. The barge was part of a

power generating station owned by the defendants Astoria Generating Company, L.P., Orion Power Holdings, Inc., Orion Power New York GP II, Inc., Reliant Resources, Inc., doing business as Reliant Energy, and Reliant Energy, Inc. (hereinafter collectively the Reliant defendants). The Reliant defendants had contracted with AAR Engine Services, Inc., incorrectly sued herein as AAR Engine Components Services, Inc., and with AAR Power Services, Inc. (hereinafter together AAR), to overhaul four turbines. AAR, in turn, entered into a subcontract with the defendant Amertech Industries, Inc. (hereinafter Amertech), to provide labor for the overhaul. Amertech employed the plaintiff. The plaintiff commenced this action against AAR and the Reliant defendants, alleging the violation of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence.

AAR and the Reliant defendants both moved for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the plaintiff's causes of action were preempted by a federal statute. The Reliant defendants also moved for summary judgment on their cross claim and third-party cause of action for indemnification against AAR. The Supreme Court denied the motions of the Reliant defendants and AAR. In concluding that the plaintiff's Labor Law causes of action were not preempted by federal law, the Supreme Court relied on the holding of the Appellate Division, First Department, in *Lee v Astoria Generating Co., L.P.* (55 AD3d 124 [2008]). The Supreme Court also denied that branch of the Reliant defendants' motion which was for summary judgment on their cross claim and third-party cause of action for indemnification against AAR.

Thereafter, the Court of Appeals reversed the First Department's holding in *Lee v Astoria Generating Co., L.P.* (13 NY3d 382 [2009], *cert denied* 562 US —, 131 S Ct 215 [2010]). Subsequently, both the Reliant defendants and AAR moved to renew their cross motions for summary judgment, on the ground that there had been a change in the law. Upon renewal, the Supreme Court granted those branches of the Reliant defendants' motion which were for summary judgment dismissing the causes of action alleging violation of Labor Law § 240 (1) and § 241 (6), on the ground that they were preempted by a federal statute. The Supreme Court, however, denied those branches of the Reliant defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200, concluding that these causes of action were not preempted. Upon renewal, the

Supreme Court also denied, in its entirety, AAR's motion for summary judgment dismissing the complaint insofar as asserted against it. The Reliant defendants and AAR separately appeal from the order made upon renewal, and we affirm that order insofar as appealed from.

Contrary to AAR's contention, the Supreme Court properly found that the Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA) (33 USC § 905 [b]), did not preempt the causes of action asserted against it by the plaintiff. Although the barge at issue is a "vessel" within the meaning of the statute, the statute does not apply to AAR, since AAR is neither the owner of the vessel, nor the plaintiff's employer (*see Lee v Astoria Generating Co., L.P.*, 13 NY3d at 391). Accordingly, the causes of action alleging violation of Labor Law § 240 (1) and § 241 (6) insofar as asserted against AAR are not preempted by the LHWCA. In addition, contrary to the contention of the Reliant defendants, the LHWCA does not preempt causes of action alleging common-law negligence and violation of Labor Law § 200 (*see Ashjian v Orion Power Holdings, Inc.*, 70 AD3d 738, 739 [2010]). Consequently, federal preemption does not defeat the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted both AAR and the Reliant defendants.

Moreover, the Supreme Court properly concluded that neither the Reliant defendants nor AAR established their respective prima facie entitlements to judgment as a matter of law dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). To be liable under Labor Law § 200 for an injury caused by the means and methods of work, an owner or general contractor must have the authority to control the activity bringing about the injury to enable it to avoid or correct the unsafe condition (*see Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]). In order to establish their respective prima facie entitlements to judgment as a matter of law, the defendants were required to demonstrate that they did not have the authority to control or supervise the plaintiff's work (*see Aloi v Structure-Tone, Inc.*, 2 AD3d 375, 376 [2003]). As Labor Law § 200 "merely codified the common-law duty imposed on an owner or general contractor to provide construction site workers with a safe workplace" (*Lopes v Interstate Concrete*, 293 AD2d 579, 580 [2002]), a defendant's prima facie demonstration of entitlement to judgment as a matter of law pursuant to Labor Law § 200 also serves as a demonstration of entitlement to judgment as a matter of law dismissing a

common-law negligence cause of action. "The determinative factor on the issue of control is not whether a [defendant] furnishes equipment but whether he has control of the work being done and the authority to insist that proper safety practices be followed" (*Everitt v Nozkowski*, 285 AD2d 442, 443-444 [2001]; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

Here, an employee of the Reliant defendants testified at his deposition that he had safety briefings with the employees every morning, that he instructed them to wear protective equipment, and that he instructed them to avoid carbon-dioxide-filled units. Although he never instructed the plaintiff how to go about performing his tasks, he admitted that it was his job "to assure the contractors work in a safe manner, to make sure they follow our safety rules and regulations." AAR's general manager testified at his deposition that AAR supplied some of the equipment for Amertech's employees. In addition, AAR actually assumed responsibility for the safety of its subcontractors' employees in its contract with the Reliant defendants.

Lastly, the Supreme Court properly denied that branch of the Reliant defendant's motion which was for summary judgment on their cross claim and third-party cause of action for indemnification against AAR, since the liability of the parties has yet to be determined (*see generally Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Altchek v DiGennaro*, 214 AD2d 527, 528 [1995]).

The appellants' remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.