■ ROBERT ROBINSON, Appellant, v COUNTY OF NASSAU et al., Respondents. [923 NYS2d 135]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated January 25, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing his causes of action alleging common-law negligence and violation of Labor Law § 200. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's accident arose from the means and methods of his work, that the plaintiff's work was directed and controlled exclusively by his employer, and that they had no authority to exercise supervisory control over his work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]; *Enriquez v B & D Dev., Inc.*, 63 AD3d 780, 781 [2009]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *Ortega v Puccia*, 57 AD3d 54, 61-62 [2008]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]). In opposition to that branch of the motion, the plaintiff failed to raise a triable issue of fact (*see Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763 [2009]; *Enriquez v B & D Dev., Inc.*, 63 AD3d at 781; *Ortega v Puccia*, 57 AD3d at 63). In this regard, we note that "[t]he retention of the right to generally supervise the work, to stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations, does not amount to the [authority to] supervise and control . . . necessary to impose liability on an owner or general contractor pursuant to Labor Law § 200" (*Cambizaca v New York City Tr. Auth.*, 57 AD3d at 702 [internal quotation marks omitted]; *see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 733 [2006]; *Dennis v City of New York*, 304 AD2d 611, 612 [2003]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action premised on Labor Law § 241 (6). In order to support a claim for violation of Labor Law § 241 (6), the plaintiff is required to allege a violation of a specific, applicable Industrial Code provision (*see Misicki v Caradonna*, 12 NY3d

511, 515 [2009]). The plaintiff identified the specific Industrial Code provisions which the defendants allegedly violated when he served a second supplemental bill of particulars. However, the provisions which he identified in his second supplemental bill of particulars did not raise a triable issue of fact sufficient to defeat the defendants' motion. 12 NYCRR 23-9.4 (a) is too general to support a Labor Law § 241 (6) cause of action (*see Brechue v Town of Wheatfield*, 241 AD2d 935, 936 [1997]). Furthermore, the plaintiff's claim that the defendants violated 12 NYCRR 23-9.4 (c) and (h) (2) because the payloader which ran over his feet was not on firm and level ground is contradicted by his deposition testimony, and the deposition testimony of a witness who indicated that the accident occurred in an area that had not yet been excavated. The plaintiff also failed to raise a triable issue of fact as to whether 12 NYCRR 23-9.4 (h), which prohibits unauthorized persons from standing adjacent to a machine in operation, was violated (*see Carroll v County of Erie*, 48 AD3d 1076, 1078 [2008]; *Mingle v Barone Dev. Corp.*, 283 AD2d 1028 [2001]), or whether 12 NYCRR 23-9.8 (l), which requires forklifts to be equipped with warning devices such as horns, was violated. In addition, 12 NYCRR 23-1.7 (e) is inapplicable to the facts of this case (*see Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 938 [2010]; *Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040, 1041 [2010]), and any violations of 12 NYCRR 23-9.8 (j) and 23-9.4 (e), (h) (1) and (5) were not a proximate cause of the accident.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.