■ KENNY KOAT, Appellant, v CONSOLIDATED EDISON OF NEW YORK, INC., Defendant, and US POWER GENERATING COMPANY, LLC, et al., Respondents. [949 NYS2d 699]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 21, 2011, which granted the motion of the defendants US Power Generating Company, LLC, Astoria Generating Company, L.P., Reliant Energy Power Generation, Inc., Reliant Energy Services, Inc., Reliant Energy Solutions East, LLC, and Reliant Energy Solutions Northeast, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he fell while welding a portion of a turbine engine on a barge stationed in waters off of the Gowanus Bay in Brooklyn. The barge was part of a floating power generating station owned and operated by the defendants US Power Generating Company, LLC (hereinafter US Power), and Astoria Generating Company, L.P. (hereinafter Astoria Generating), as well as Reliant Energy Power Generation, Inc., Reliant Energy Services, Inc., Reliant Energy Solutions East, LLC, and Reliant Energy Solutions Northeast, LLC (hereinafter collectively the Reliant defendants). Following his accident, the plaintiff commenced this action against, among others, US Power, Astoria Generating, and the Reliant defendants asserting violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. After discovery had been conducted, US Power, Astoria Generating, and the Reliant defendants

jointly moved for summary judgment dismissing the complaint insofar as asserted against them. In support of the motion, the moving defendants argued that the plaintiff's Labor Law §§ 240 (1) and 241 (6) claims were preempted by the Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA), and that they could not be held liable for an alleged violation of Labor Law § 200 or common-law negligence because the plaintiff's work was supervised and controlled solely by his employer Amertech Industries, Inc. The Supreme Court granted the motion for summary judgment. The plaintiff appeals, and we affirm.

In *Lee v Astoria Generating Co., L.P.* (13 NY3d 382, 391-392 [2009], *cert denied* 562 US —, 131 S Ct 215 [2010]), the Court of Appeals held that a barge containing electricity-generating turbines stationed in the Gowanus Canal was a "vessel" within the meaning of the LHWCA, and that this federal act preempts state law strict liability claims, such as those provided in Labor Law §§ 240 (1) and 241 (6), against the owners and operators of a vessel. Here, in support of their motion for summary judgment dismissing the complaint insofar as asserted against them, US Power, Astoria Generating, and the Reliant defendants made a prima facie showing that they were the owners and operators of the same type of barge held by the Court of Appeals in *Lee* to be a "vessel" within the meaning of the LHWCA, and that the plaintiff's Labor Law §§ 240 (1) and 241 (6) claims, insofar as asserted against them, were thus preempted by the federal act. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the moving defendants were vessel owners and operators entitled to preemption under the LHWCA (*cf. Eldoh v Astoria Generating Co., L.P.*, 81 AD3d 871, 874 [2011]). Accordingly, the Supreme Court properly granted that branch of the motion of US Power, Astoria Generating, and the Reliant defendants which was for summary judgment dismissing the plaintiff's Labor Law §§ 240 (1) and 241 (6) claims insofar as asserted against them (*see Lee v Astoria Generating Co., L.P.*, 13 NY3d at 391-392; *see also Ashjian v Orion Power Holdings, Inc.*, 70 AD3d 738, 739-740 [2010]).

The Supreme Court also properly granted that branch of the motion of US Power, Astoria Generating, and the Reliant defendants which was for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action insofar as asserted against them. The moving defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject accident was caused by the means and methods of the plaintiff's work, that

the plaintiff's work was directed and controlled by his employer, and that they had no authority to exercise supervisory control over his work (*see Schwind v Mel Lany Constr. Mgt. Corp.*, 95 AD3d 1196 [2012]; *Robinson v County of Nassau*, 84 AD3d 919, 920 [2011]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the moving defendants had the authority to exercise that degree of direction and control necessary to impose liability for common-law negligence or under Labor Law § 200 (*see Robinson v County of Nassau*, 84 AD3d at 920; *Cambizaca v New York City Tr. Auth.*, 57 AD3d at 702). Rivera, J.P., Eng, Lott and Cohen, JJ., concur.