Roos v King Constr. (2020 NY Slip Op 00317)





Roos v King Constr.


2020 NY Slip Op 00317


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-11131
 (Index No. 51160/13)

[*1]Andrew H. Roos, respondent, 
v
King Construction, etc., et al., appellants.


Hogan & Rossi, Brewster, NY (David Simon and Sean H. Lewis of counsel), for appellants.
Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (David F. Everett, J.), dated October 5, 2016. The judgment, upon an order of the same court (David S. Zuckerman, J.), dated September 28, 2015, granting those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and conversion and diversion of trust funds, and after a damages inquest, is in favor of the plaintiff and against the defendants in the total sum of $204,827.84.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and conversion and diversion of trust funds are denied, the order dated September 28, 2015, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.
This action involves, inter alia, an alleged breach of a construction contract. During the construction of the plaintiff's home, the parties had various disputes regarding the work flow of the project and the coordination of construction. The plaintiff ultimately terminated the defendants' work prior to the completion of the project. Thereafter, the plaintiff commenced this action seeking, inter alia, damages for breach of contract and conversion and diversion of trust funds. The plaintiff sought cost-of-completion damages and the return of a payment in the sum of $50,000 that, according to the plaintiff, constituted diverted trust funds. The Supreme Court partially granted the plaintiff's motion for summary judgment and entered a judgment awarding damages after an inquest. The defendants appeal.
We note that the defendants' prior appeal from the order dated September 28, 2015, was dismissed by a decision and order on motion of this Court dated July 5, 2017, for failure to timely perfect. While the defendants ordinarily would be precluded from relitigating the issues which could have been raised on the prior appeal (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353), under the circumstances of this case, we exercise [*2]our discretion to determine the issues raised on the instant appeal from the judgment (see Solomon v Green Bay Sanitation Corp., 164 AD3d 854, 854-855; Saunders v Tarsia, 124 AD3d 620, 620; Ravina v Hsing Hsung Chuang, 95 AD3d 1288, 1288-1289).
A party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 559; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067). Only if that burden is met does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1068).
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging breach of contract and conversion and diversion of trust funds. Regarding the breach of contract cause of action, the plaintiff failed to establish his entitlement to judgment as a matter of law. Triable issues of fact exist, including which party was at fault for construction delays (see Buck Constr. & Dev., Inc. v Hetzel, 165 AD3d 875, 876) and whether the plaintiff breached the contract by preventing the defendants' performance (see Plainview S. & S. Concrete Co. v NVNG Dev. Corp., 151 AD2d 654, 655). Regarding the causes of action alleging conversion and diversion of trust funds, the plaintiff's own submissions raise triable issues of fact as to whether, and to what extent, trust funds may have been diverted by the defendants (see Lien Law §§ 70, 71; J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444, 447; cf. Wallkill Med. Dev., LLC v Sweet Constructors, LLC, 83 AD3d 695, 696).
As the plaintiff failed to satisfy his prima facie burden, the sufficiency of the defendants' opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). However, a review of the record reveals that the defendants' submissions raise further triable issues of fact. As the defendants point out, their opposition to the plaintiff's motion was properly supported with admissible evidence and should have been considered as such by the Supreme Court. A party opposing a motion for summary judgment may submit an attorney affirmation that annexes deposition testimony and other evidence instead of relying on affidavits of fact based upon personal knowledge (see Olan v Farrell Lines, 64 NY2d 1092, 1093; City of New York v First Natl. Ins. Co. of Am., 79 AD3d 789, 790; Enriquez v B & D Dev., Inc., 63 AD3d 780, 781).
Therefore, we reverse the judgment and modify the order accordingly.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court