Turner Towers Tenant Corp. v RCI Plumbing Corp. (2021 NY Slip Op 04774)





Turner Towers Tenant Corp. v RCI Plumbing Corp.


2021 NY Slip Op 04774


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-04071
 (Index No. 502328/14)

[*1]Turner Towers Tenant Corp., plaintiff-respondent,
v
RCI Plumbing Corp., appellant, et al., defendants.


Polsinelli P.C., New York, NY (Jason S. Samuels and Aaron E. Zerykier of counsel), for appellant.
Wasserman Grubin & Rogers, LLP, New York, NY (Richard Wasserman, Andrew Lipetz, and Laura M. Dexter of counsel), for plaintiff-respondent.
Goldstein Law, P.C., Garden City, NY (Jeffrey Beitler of counsel), for defendant CFS Engineering, DPC.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant RCI Plumbing Corp. appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 27, 2019. The order denied the motion of the defendant RCI Plumbing Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2010, the plaintiff and the defendant RCI Plumbing Corp. (hereinafter RCI) entered into a contract pursuant to which RCI agreed to provide plumbing services on a construction project
at a residential apartment building in Brooklyn owned by the plaintiff. The defendant CFS Engineering, DPC (hereinafter CFS), designed the specifications for the plumbing work. In June 2013, pursuant to certain provisions of the contract, the plaintiff terminated the contract with RCI, allegedly for cause. Thereafter, the plaintiff commenced this action against RCI, inter alia, to recover damages for breach of contract. In November 2018, RCI moved for summary judgment dismissing the complaint insofar as asserted against it. RCI contended, inter alia, that the plaintiff failed to satisfy a contractual condition precedent to a termination for cause. In an order dated February 27, 2019, the Supreme Court denied RCI's motion. RCI appeals.
RCI failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it, as it failed to demonstrate, prima facie, that it did not breach the contract. In particular, RCI, in submitting, inter alia, a transcript of the deposition testimony of the plaintiff's former president who was, at the time of the deposition, the secretary of the plaintiff's board, failed to eliminate all triable issues of fact as to whether RCI was in breach of the contract (see Roos v King Constr., 179 AD3d 857, 859; Buck Constr. & Dev., Inc. v Hetzel, 165 AD3d 875, 876). Moreover, RCI failed to eliminate all triable issues of fact regarding the plaintiff's compliance with any alleged conditions precedent or provisions of the contract [*2]governing the manner in which the plaintiff was to effectuate its termination of the contract with RCI (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Since RCI failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied RCI's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, the plaintiff's remaining contentions need not be reached.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court