Badloo v City of New York (2025 NY Slip Op 06587)

Badloo v City of New York

2025 NY Slip Op 06587

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2025-01110
 (Index No. 515084/20)

[*1]Deoraj Badloo, et al., appellants, 
v
City of New York, et al., respondents.

Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellants.
Freehill Hogan & Mahar LLP, New York, NY (Daniel J. Fitzgerald and J. Tanner Honea of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Anne J. Swern, J.), dated December 9, 2024. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2019, the plaintiff Deoraj Badloo (hereinafter the injured plaintiff) allegedly was injured while performing electrical maintenance work on a vessel owned by the defendants City of New York, NYC Ferry Fleet, LLC, and New York City Economic Development Corporation (hereinafter collectively the vessel owners), and operated by the defendant HNY Ferry, LLC (hereinafter HNY), which was the injured plaintiff's employer. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against the vessel owners, HNY, and the defendant Hornblower Group, Inc., HNY's parent company, inter alia, to recover damages for personal injuries, asserting causes of action pursuant to the Jones Act (see 46 USC § 30104) and alleging common-law negligence and loss of consortium. The defendants moved for summary judgment dismissing the amended complaint. In an order dated December 9, 2024, the Supreme Court granted the motion. The plaintiffs appeal.
"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment'" (Chandris, Inc. v Latsis, 515 US 347, 354, quoting former 46 USC Appendix § 668[a]; see Songui v City of New York, 2 AD3d 706, 708). "[T]he United States Supreme Court has set forth two essential requirements to be a seaman—(1) the employee's duties must contribute to the function of a vessel or to the accomplishment of its mission, and (2) the employee must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature" (Orr v City of New York, 304 AD2d 541, 541-542; see Chandris, Inc. v Latsis, 515 US at 368-369). "The purpose of this requirement is to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea" (Songui v City of New York, 2 AD3d at 708 [internal quotation marks omitted]; see Harbor Tug & [*2]Barge Co. v Papai, 520 US 548, 560). Accordingly, "the inquiry into the nature of the employee's connection to the vessel must concentrate on whether the employee's duties take him to sea" (Harbor Tug & Barge Co. v Papai, 520 US at 555; see Matter of Buchanan Mar., L.P., 874 F3d 356, 366 [2d Cir]).
Here, the injured plaintiff did not qualify as a seaman within the meaning of the Jones Act, since, among other things, he worked only on docked vessels, he did not sail with the vessels after his work was done, his tasks were those of a general electrician, he had no maritime license, he did not sleep on board, and he reported to a land-based supervisor (see Sanchez v Smart Fabricators of Texas, L.L.C., 997 F3d 564, 573-575 [5th Cir en banc]; Doty v Tappan Zee Constructors, LLC, 831 Fed Appx 10, 12 [2d Cir]; Matter of Buchanan Mar., L.P., 874 F3d at 366-367).
However, as the defendants contend, the injured plaintiff was a land-based maritime worker injured while on a vessel in navigation and, thus, covered by the Longshore and Harbor Workers' Compensation Act (LHWCA) (33 USC § 901 et seq.; see Chandris, Inc. v Latsis, 515 US at 360; Lee v Astoria Generating Co., L.P., 13 NY3d 382, 388-390). The LHWCA "provides compensation to workers injured on navigable waters of the United States in the course of their employment. It operates as a no-fault workers' compensation scheme for eligible workers and precludes recovery of damages against their employer" (Lee v Astoria Generating Co., L.P., 13 NY3d at 389-390 [citations and footnote omitted]). "The scheduled no-fault compensation structure is the exclusive remedy for injured workers against their employers" (Matter of Buchanan Mar., L.P., 874 F3d at 363; see 33 USC § 905[a]). Moreover, "[a] cause of action under § 905(b) [of the LHWCA] against the vessel owner is for negligence in maritime tort, and '[t]he remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter'" (Matter of Buchanan Mar., L.P., 874 F3d at 364 [citation omitted], quoting 33 USC § 905[b]; see Norfolk Shipbuilding & Drydock Corp. v Garris, 532 US 811, 818-819).
Accordingly, the Supreme Court properly determined that the state law causes of action were barred by exclusivity provisions of the LHWCA (see 33 USC § 905[a], [b]; Matter of Buchanan Mar., L.P., 874 F3d at 369; Matter of Donjon Mar. Co., Inc., 2008 WL 3153721, *3, 2008 US Dist LEXIS 59102, *6-7 [SD NY, No. 07 Civ. 3840]). Insofar as Eldoh v Astoria Generating Co., L.P. (81 AD3d 871, 874) and Ashjian v Orion Power Holdings, Inc. (70 AD3d 738) held otherwise, those cases should no longer be followed.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court